UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Hange, | ) | CASE NO. 1:06 CV 284 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Mansfield, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion for Summary Judgment. This is a § 1983 action arising out of discipline issued to plaintiff during his employment. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, Richard Hange, filed this lawsuit against defendants, City of Mansfield, Mayor Lydia J. Reid, Fire Chief Michael Hartson, Director of Public Safety Ronald Krueter and Director of Public Works F. L. Fisher. All individual defendants are sued in their individual and official capacity.

1

Plaintiff became a probationary firefighter for the City of Mansfield in 1990.  After one year he became a "full fledged" firefighter.  Plaintiff was promoted to Fire Captain around 2001. On the evening of January 5, 2005, Mansfield experienced a severe ice storm which caused numerous downed power lines and trees, as well as street closings.  Plaintiff, who had begun his shift at 7:00 a.m. that day, was assigned to Engine 6 at Station 6.  During that evening, plaintiff and his crew were dispatched to respond to a call of a downed power line on Helen Avenue.  Plaintiff was in charge of making decisions as to what was going to be done. After assessing the situation, plaintiff and his crew stayed on the scene awaiting street barricades and assistance from Ohio Edison.  Hours later, Fire Captain Rippey[1] arrived on the scene and banged on the window of plaintiff's truck.  Rippey, who was upset and angry, accused plaintiff of sleeping.  Plaintiff testified that he was just sitting in his seat and "I might have had my eyes closed even." Rippey ordered plaintiff to "tape it [the downed wire] off and move on." Plaintiff put yellow fire line tape around the scene and then informed radio dispatch that they had cleared the scene.  (pltf. depo. 12-13, 56-80, 87, 95)

Plaintiff's shift ended at 7:00 a.m. on January 6.  He returned to the sation shortly before that.  Plaintiff volunteered to stay beyond his regular shift and reported to Station 1.  While at Station 1, Captain O'Brien asked plaintiff to refuel the bulk tank, which is used to then fill other city vehicles, at a local fuel depot.  After being ordered to move the fuel tank several times so that other vehicles could be filled, plaintiff accidentally filled the tank with gasoline rather than the required diesel.  Plaintiff then refueled two of the City's rescue trucks with the gasoline from the fuel tank.  Plaintiff realized his error upon smelling the fuel.

---

[1] Rippey "outranked" plaintiff because he had more seniority.  (pltf. depo. 75)

The two rescue trucks as well as the bulk tank had to be taken out of service until the contaminated fuel was cleaned out. (*Id.* 84-126)

For the fueling incident, plaintiff was charged by the City with violating the Mansfield Fire Department's Rule and Regulation 104.92, which provides that "members who, by lack of judgment, knowledge, neglect or carelessness, cause or contribute to loss of life or damage to property, shall be held responsible for their actions." (Ronald Kreuter aff.; Ex. 2) Under § 6.6 of the Collective Bargaining Agreement (CBA), in place between the City and the Union, Fire Chief Michael Hartson held a pre-disciplinary conference with plaintiff, giving him the opportunity to explain the incidents. (Kreuter aff.; Ex. 1; pltf. depo. 128-129) Chief Hartson then determined that plaintiff should be demoted from Fire Captain to firefighter for the sleeping incident and receive a two-day suspension for the fueling incident. (Kreuter aff.) Pursuant to CBA § 6.9, Hartson forwarded the discipline to Service/Safety Director Ronald Kreuter for review. In February 2005, Kreuter reviewed the record and affirmed the recommended discipline with respect to the sleeping incident (i.e., the demotion) and, due to the severity of the fueling incident, changed the recommended discipline to a "conditional termination," meaning that plaintiff would be terminated should he be re-promoted from firefighter to Fire Captain. (Kreuter aff.)

The City provided plaintiff notice of his discipline which plaintiff received on February 16, 2005. Plaintiff grieved his discipline for both incidents through every administrative step available to him under the CBA, up to and including Step 6- arbitration which decision was rendered on August 9, 2005. (*Id.*; Compl.)

On June 6, 2005, the City unilaterally rescinded the conditional termination discipline

3

and instead determined that the demotion was sufficient discipline for both incidents.  (*Id.*)

Plaintiff thereafter filed this Complaint setting forth two § 1983 claims.  Count One alleges violation of procedural due process. Count Two alleges violation of substantive due process.

This matter is before the Court upon defendants' Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue

> for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir.2005).

Plaintiff alleges a violation of his constitutional right to due process. Both due process claims asserted in Counts One and Two allege that plaintiff has a property interest in his employment and the right to be promoted, and that the conditional termination deprived him

5

of his property interest. Defendants argue that plaintiff has failed to demonstrate the deprivation of a constitutional right. For the following reasons, this Court agrees.

It is not disputed that in June 2005, the City rescinded the conditional termination discipline, leaving in place the reduction in rank from Fire Captain to firefighter. (Kreuter aff.; Compl. Ex. 6) Plaintiff fully grieved the discipline and is still employed by the City as a firefighter.

Plaintiff states that "his property interest is that of his employment." (Doc. 17 at 12) Plaintiff argues that he has a property interest in the right to be afforded due process which includes the right to grieve any matter that is subject to the CBA. He asserts that despite the recission of the conditional termination discipline, he suffered a "chilling effect" from the date of the imposition of that discipline so that had plaintiff successfully grieved the demotion (i.e., shown that he should be re-promoted to Fire Captain), he would have been terminated.

Plaintiff, however, was never terminated and he grieved his demotion through each step available to him. Thus, there was no chilling effect and plaintiff was never deprived of his right to continued employment or his right to grieve his demotion. As such, plaintiff cannot demonstrate the deprivation of a constitutional right. Plaintiff can only speculate as to what would or might have happened had he successfully grieved his demotion during the time the conditional termination order was in effect.

For these reasons, plaintiff has failed to demonstrate that he was deprived of a constitutional right by defendants and, therefore, his § 1983 claim fails.

Moreover, plaintiff's procedural and substantive due process claims fail as a matter of law.

With regard to procedural due process, the Sixth Circuit has stated:

> Under circuit precedent, a § 1983 plaintiff can prevail on a procedural due process claim by demonstrating that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a random and unauthorized act causing a loss for which available state remedies would not adequately compensate the plaintiff.

*Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 442 F.3d 410 (6th Cir. 2006) (citing *Macene v. MJW, Inc*., 951 F.2d 700, 706 (6th Cir.1991) ). Further,

> A plaintiff alleging the first element of this test would not need to demonstrate the inadequacy of state remedies. *Moore v. Bd. of Educ. of Johnson City Sch*., 134 F.3d 781 (6th Cir.1998). If the plaintiff pursues the second line of argument, he must navigate the rule of *Parratt v. Taylor*, 451 U.S. 527 (1981), which holds that a state may satisfy procedural due process with only an adequate postdeprivation procedure when the state action was 'random and unauthorized.' *See Macene*, 951 F.2d at 706. In *Zinermon v. Burch*, 494 U.S. 113 (1990), the Supreme Court narrowed the *Parratt* rule to apply only to those situations where predeprivation process would have been impossible or impractical. In this context, an 'unauthorized' state action means that the official in question did not have the power or authority to effect the deprivation, not that the act was contrary to law. *See id.* at 138.

Plaintiff does not articulate which prong of procedural due process upon which he relies. Rather, he asserts that he is not arguing that he has a constitutional right to a promotion "in and of itself," but that

> From its inception, the conditional termination deprived [plaintiff] of due process to grieve his demotion but it unconstitutionally deprived him of his right to grieve as procedural due process when no matter what the facts or mitigation or any other favorable consideration was produced as a result, the only certainty was that [plaintiff] would be unsuccessful at being promoted.

(Doc. 17 at 12).

As discussed above, however, plaintiff fully grieved the issuance of both disciplines through all steps available to him under the CBA. (Kreuter aff. ¶ 13; Compl. ¶ 8 and Ex. 5) Thus, he was not deprived of procedural due process.

Substantive due process "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir.1992) (quotation marks and citation omitted). Additionally, a government official performing discretionary functions violates substantive due process rights when his actions "shock the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). Only deliberate or reckless conduct can fall into this category. *Id.*

Plaintiff fails to identify a specific fundamental right at issue but argues that defendants' conduct in issuing the conditional termination was arbitrary and capricious given that if plaintiff had been successful in grieving his demotion discipline prior to the rescinding of the conditional termination discipline, plaintiff would have been terminated. However, in the absence of the implication of a fundamental right, to the extent that a substantive due process claim is available, plaintiff must demonstrate that the conditional termination discipline had no rational basis. *See Young v. Township of Green Oak*, - F.3d.- (6th Cir. Dec. 28, 2006). Clearly, the conditional termination discipline bore a rational relation to plaintiff's acts of incompetence on January 6, 2005.

For these reasons, plaintiff's claims fail as a matter of law.[2]

**Conclusion**

For the foregoing reasons, defendants' Motion for Summary Judgment is granted.

---

[2] The Court need not reach the arguments regarding qualified immunity. Suffice to say that because, as discussed *infra,* plaintiff fails to show the violation of a constitutionally protected right, qualified immunity would be available to the individual defendants.

8

IT IS SO ORDERED.


                              /s/ Patricia A. Gaughan  
                              PATRICIA A. GAUGHAN  
                              United States District Judge


Dated: 1/17/07